IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CR-57-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARIAN JAQUAN HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE 21). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge James E. Gates, entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion be denied. Defendant filed objections to the M&R and the government responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion to suppress is denied.

## STATEMENT OF THE CASE

On October 3, 2018, defendant was indicted on three counts: 1) possession with the intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine and heroin, 2) possession of a firearm in furtherance of a drug trafficking crime, and 3) possession of a firearm and ammunition by a convicted felon. Defendant filed the instant motion to suppress on December 28, 2018, seeking suppression of all evidence seized as a result of a search of defendant's residence in February 2018. The government responded in opposition, and the magistrate judge held an evidentiary hearing on the motion on April 17, 2019. At hearing, the government introduced testimony of officers Michael Sawyer ("Sawyer"), Nick Fiedler ("Fiedler"), Christopher Drake

("Drake"), and John Rainer ("Rainer"), with the Craven County Sheriff's Office. The court also admitted exhibits offered by the government comprising photographs of defendant's residence and items found in the residence, as well as a disc containing video from a security camera system at the residence. In addition, the court admitted exhibits offered by defendant comprising additional photographs of defendant's residence, the vicinity thereof, and photographs of the feed from the security camera system at the residence.

The magistrate judge entered M&R on August 30, 2019. Defendant filed objections on October 16, 2019, and the government responded on November 29, 2019.

## STATEMENT OF FACTS

The court incorporates herein by reference the magistrate judge's findings of fact (see M&R (DE 35) at 3-14), where such findings are supported by the testimony and evidence received at evidentiary hearing. The court addresses in the analysis herein specific objections raised by defendant to factual findings in the M&R.

## COURT'S DISCUSSION

A.    Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[S]earches conducted outside the judicial process . . . are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).

One such exception applies where "the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." Kentucky v. King, 563 U.S. 452, 459 (2011). The types of exigent circumstances that justify a warrantless seizure include, among other things, the "imminent destruction of evidence," United States v. Brown, 701 F.3d 120, 126 (4th Cir. 2012), and "risk of danger to the police or to other persons inside or outside the dwelling." United States v. Moses, 540 F.3d 263, 270 (4th Cir. 2008) (quotations omitted).

To determine whether such "exigent circumstances" justify a warrantless seizure, courts weight the following non-exclusive list of factors: 1) "the degree of urgency involved and the amount of time necessary to obtain a warrant"; 2) "the officer's reasonable belief that the contraband is about to be removed or destroyed"; 3) "information indicating the possessors of the contraband are aware that the police are on their trail"; and 4) "the ready destructibility of the contraband." United States v. Reed, 935 F.2d 641, 642 (4th Cir.1991).

Officers also may perform a "protective sweep" of a home when they believe "that the area to be swept harbors an individual posing a danger to those on the arrest scene." United States v.

Laudermilt, 677 F.3d 605, 610 (4th Cir. 2012) (quotations omitted). "The linchpin of the protective sweep analysis is not the threat posed by the arrestee, but the safety threat posed by the house, or more properly by unseen third parties in the house." United States v. Jones, 667 F.3d 477, 484 (4th Cir. 2012).

In this case, the magistrate judge correctly determined that exigent circumstances supported a warrantless search of defendant's residence and that such circumstances also allowed for a protective sweep prior to search by warrant, due to a combination of multiple factors set forth in the M&R bearing upon both risk of danger and destruction of evidence, which the court incorporates herein by reference. (See M&R 19-22). In addition, a warrant could have been obtained through information not gained through the challenged pre-warrant searches, compelling application of the inevitable discovery rule. (See id. at 23). The court writes separately to address defendant's specific objections.

Defendant objects to the factual determination in the M&R that defendant did not follow officer Fiedler's request to secure defendant's dog and step outside the residence. (See M&R at 7). This factual finding, however, is supported by substantial evidence. Sawyer testified that, after defendant closed the door on officers and the dog was jumping against the door, the officers "kept trying to tell [defendant] to put his dog up," and they "could hear a lot of commotion inside the residence" but didn't "know what was going inside the residence." (Tr. 13). Fiedler testified that, at the same moment: "I was trying to ask [defendant] to . . . secure the dog and step outside of the residence. He did not." (Tr. 46) (emphasis added). Instead Fiedler heard what "sounded like footsteps running throughout the residence," over a period of time of about a minute or minute 15 seconds. (Id.). While defendant offers what he characterizes as an innocent explanation for his delay, the court must consider the circumstances from the perspective of the officers at the moment

4

at the scene, in the midst of substantial commotion and danger. See Figg, 312 F.3d at 639. Accordingly, this objection is overruled.

Defendant next objects to the factual determination in the M&R that officer Fiedler's experience in narcotics allowed him reliably to decide whether burnt marijuana is present. (See M&R at 6). This determination, however, is supported by the testimony of Fiedler that he had "investigated marijuana in the past," "[o]n patrol as well as in the narcotics unit," and had "smelled the odor of burned marijuana" before in the course of such experience. (Tr. 44). While defendant suggests that Fiedler was not trained to distinguish the smell of illegal marijuana from legal hemp flower, this does not undermine the factual determination that Fiedler's past experience enabled him to recognize the smell of burnt marijuana. Thus, this objection is overruled. Additional legal implications of these facts will be discussed in addressing defendant's legal objections further below.

Defendant also objects to the factual determination that officers believed it was possible for other individuals to be inside defendant's residence. (See M&R at 10). But officers testified repeatedly as to such a belief. (Tr. 109, 139-140). Although defendant suggests that this belief was not reasonable, a combination of facts and circumstances supported the reasonableness of the officers' belief as to presence of others in the residence, including: a credible report that Sierra Whitley ("Whitley") may have been coming to the residence; prior history of probation officer encounters and drug activity at the residence; defendant's prior history of use of violence and firearms; smell of marijuana at the residence; initial contact by Sawyer with a female at the residence; places where people could be hiding in the residence; defendant's actions in slamming door on officers and retreating into the residence for over one minute contrary to officer requests; commotion and footsteps heard in the residence; and presence of family members in the house to

the right and a known drug dealer to the left. (Tr. 7-8, 13-14, 18, 46, 68, 109-110, 134, 139-40, 156). The combination of these factors amply supports the reasonableness of the officers' belief. Uncertainties and possible innocent explanations for conduct cited by defendant do not negate a finding of reasonableness, particularly where officers need not rule out all innocent possibilities. Accordingly, defendant's factual objections are overruled.

With respect to legal objections, defendant argues that officers could not have had probable cause to believe evidence of illegal activity was present at the residence, where the smell of marijuana may signify legal industrial hemp as opposed to illegal marijuana. This argument fails on two levels. First, officers had probable cause of illegal activity based on more than just the smell of marijuana. Rather, the smell of marijuana, considered with multiple other factors as set forth above, contributed to a reasonable belief that contraband or evidence of illegal activity would be found in defendant's residence: defendant's actions in slamming door on officers and retreating into the residence for over one minute contrary to officer requests, commotion and footsteps heard in the residence, report of Whitley possibly coming to the residence, prior history of probation officers and drug activity at the residence, defendant's prior history of use of violence and firearms, and presence of family members in the house to the right and known drug dealer to the left. (Tr. 7-8, 13-14, 18, 46, 68, 109-110, 134, 139-40, 156).

Second, the smell of marijuana alone, particularly where corroborated here by two officers at separate times, supports a determination of probable cause, even if some use of industrial hemp products is legal under North Carolina law. This is because "[o]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Illinois v. Gates, 462 U.S. 213, 235 (1983); see, e.g., United States v. Mitchell, 720 F. App'x 146, 152 (4th Cir. 2018)

6

("The odor of marijuana alone provides probable cause to believe that evidence of marijuana possession would be found in [defendant's] residence."). Accordingly, this objection is overruled.[1]

Defendant also objects to the determination in the M&R that officers had a reasonable belief that evidence could be destroyed or removed, or needed a protective sweep. Defendant suggests there was a lower degree of urgency or need for protective sweep because of the intervening steps of removing the dog and defendant from the residence. However, many of the same factors supporting probable cause and reasonable belief that others were inside the residence also support officers' reasonable belief that evidence could be destroyed, or that danger existed to officers, even after officers took steps to remove the dog and defendant. These steps did not rule out the probability that others still were hiding in the residence, in light of the totality of the circumstances.

In sum, exigent circumstances supported warrantless search of defendant's residence and protective sweep of the same. Therefore, defendant's motion to suppress must be denied.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which specific objections were raised, and considered review of the remainder thereof, the court DENIES defendant's motion to suppress. (DE 21). An order scheduling arraignment will follow.

SO ORDERED, this the 9th day of December, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[1] For the same reason, defendants' objection based upon the inevitable discovery doctrine also is overruled.